**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAREK MOLSKI, an individual and DISABILITY RIGHTS ENFORCEMENT EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>                    Plaintiffs - Appellants,<br><br>    v.<br><br>CONRAD'S LA CANADA RESTAURANT and LA CANADA RESTAURANT CORPORATION, a California corporation, DBA Conrad's La Canada,<br><br>                    Defendants - Appellees. | No. 09-56985<br><br>D.C. No. 2:03-cv-09462-TJH-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted July 9, 2012[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District Judge.[***]

Jarek Molski and Disability Rights Enforcement, Education Services ("DREES"), collectively "Plaintiffs," again appeal the district court's order denying their motion for attorney's fees and costs in their action against Conrad's La Canada Restaurant ("Defendant") under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, ("ADA") and the California Disabled Persons Act, California Civil Code §§ 54 - 55.2 ("CDPA"). Previously, the district court denied Plaintiffs' motion for attorney's fees, and this court remanded the case back to the district court to provide reasons for its decision. *See Molski v. Conrad's La Canada Rest.*, No. 07-55336, 2009 WL 166931 (9th Cir. Jan. 14, 2009). On remand, the district court provided an explanation for its decision, and Plaintiffs again appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's decision to deny a motion for attorney's fees is reviewed for an abuse of discretion. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). A "prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Jankey v. Poop*

___

[***] The Honorable Dee V. Benson, District Judge for the U.S. District Court for Utah, sitting by designation.

2

*Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal quotation marks omitted).  The

Ninth Circuit has explained that courts should "evaluate whether special

circumstances exist by asking whether (1) allowing attorney's fees would further

the purposes of [the statute,] and (2) whether the balance of equities favors or

disfavors the denial of fees."  *Mendez v. County of San Bernardino*, 540 F.3d 1109,

1126 (9th Cir. 2008) (quoting *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th

Cir. 2005) (internal quotation marks omitted)).

The district court did not abuse its discretion in denying Plaintiffs' motion

for attorney's fees.  The district court identified and applied the correct legal

standard when it determined that awarding attorney's fees to Plaintiffs would

disrupt the balance of the equities in the case.  The explanation the court provided,

in determining that an award of attorney's fees in this case would be inequitable,

was not illogical, implausible, or without support in inferences that may be drawn

from facts in the record.  *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir.

2009) (en banc).  Specifically, the district court based its conclusion on Plaintiffs'

poor conduct demonstrated through litigation tactics and requests for excessive

fees, Plaintiffs' minimal success in the litigation, and the unjust hardship

Defendants would experience.

In addition, the district court did not abuse its discretion in denying Plaintiffs' motion for litigation costs. The district court identified and applied the appropriate legal standard to award litigation costs when it explained that the question of awarding litigation costs follows the attorney's fees inquiry. *See Brown v. Lucky Stores*, *Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001); *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000). In its discretion, the district court determined that awarding costs would be inappropriate for the same reasons that awarding attorney's fees would be inequitable. The district court also noted that Defendant's good faith efforts to remedy the problem and Defendant's limited financial resources were equities that tipped in favor of not awarding costs.

**AFFIRMED.**